UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IRENE FERRUCCIO,
Plaintiff

v.

CHERRY HILL MANOR, CHERRY HILL NURSING, LTD., LIFE CARE CENTERS OF AMERICA, INC. EDWARD J. MITSON, JR., in his official capacity, PAMELA CHARRON, in her personal and official capacity, and STEVE HAASE, in his personal and official capacity,
Defendants.

CA 06 422 S

Civil Action No. ________

**NOTICE OF REMOVAL**

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND:

PLEASE TAKE NOTICE that the Defendants, Life Care Centers of America, Inc. d/b/a Cherry Hill Manor, Steven Haase, and Pamela Charron, hereby serve notice of removal of the above-entitled action from the Providence Superior Court of the State of Rhode Island to this Court pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446. Removal is proper for the following reasons:

1. On or about March 6, 2006, Defendant, Life Care Centers of America, Inc. ("Life Care"), was served with Plaintiff's Complaint, Summons and Service of Process form, in an action commenced in Providence Superior Court in the State of Rhode Island entitled <u>Irene Ferruccio v. Cherry Hill Manor, Cherry Hill Nursing, Ltd., Life Care Centers of America, Inc.,</u>

Edward J. Mitson, Jr., in his official capacity, Pamela Charron, in her personal and official capacity, and Steve Haase, in his personal and official capacity, Civil Action No. 06-1227.

2. The subject of this lawsuit is the employment of Plaintiff at Cherry Hill Manor ("CHM"), a nursing home located in Johnston, Rhode Island. CHM is operated by Life Care, a corporation incorporated in Tennessee, with a principal place of business in Cleveland, Tennessee. "Cherry Hill Manor" is the d/b/a name by which Life Care operates CHM, and it is not a separate entity.

3. In her Complaint, Plaintiff alleges that she was unlawfully terminated from her employment at Life Care by two of the individual Defendants, Pamela Charron and Steven Haase. Plaintiff originally named two additional entities: Cherry Hill Nursing Home, Ltd.[1] and a principal owner of Cherry Hill Nursing Home, Ltd., Edward J. Mitson, Jr. (collectively referred to hereinafter as the "Former Owners"). Because any interest in CHM ended in 1996 with the sale of CHM to Life Care, Defendants originally removed this case on April 4, 2006. See Ferruccio v. Cherry Hill Manor, et al, RI Dist. Ct. Docket No. 06-cv-0154, Docket Entry No. 1, docketed April 4, 2006.

4. Following removal, Plaintiff moved to remand the case, arguing that there was not diversity jurisdiction because the Former Owners were Rhode Island citizens. Defendants opposed the remand on the basis of fraudulent joinder. On July 5, 2006, the case was remanded to state court by Magistrate Judge Almond. A copy of Magistrate Almond's decision is attached hereto as Exhibit A.

5. Thereafter, on September 7, 2006, Plaintiff stipulated to the dismissal of the Former Owners. A copy of the stipulation of dismissal is attached hereto as Exhibit B.

---

[1] Plaintiff incorrectly named Cherry Hill Nursing Home, Ltd. in her Complaint as "Cherry Hill Nursing, Ltd."

6. Following dismissal of the Former Owners, this Court has jurisdiction based on the citizenship of the three remaining defendants: Life Care, Charron, and Haase. Defendants Charron and Haase are residents of the Commonwealth of Massachusetts.[2] See Ferruccio v. Cherry Hill Manor, et al, RI Dist. Ct. Docket No. 06-cv-0154, Docket Entry No. 1, Attachment 5 (Haase Declaration).

7. Life Care is a Tennessee Corporation. Plaintiff has alleged Rhode Island citizenship. Accordingly, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship, the parties being of different states. In addition, there is complete diversity between Plaintiff, a Rhode Island resident, and Life Care, Defendant Charron, and Defendant Haase.

8. Plaintiff has alleged causes of action, the potential recovery for which exceeds the $75,000.00 jurisdictional prerequisite, exclusive of interest and costs.

9. Accordingly, this action is removable to this Court under 28 U.S.C. § 1441.

10. Defendants will notify the Providence Superior Court and all parties of this Notice of Removal by filing with the Superior Court a Notice of Filing of Notice of Removal. A copy of that notification, which will be sent to the Providence Superior Court, is attached hereto as Exhibit C.

11. Copies of the process, pleadings and orders served upon Defendants, including Plaintiff's Complaint, Summonses, Service of Process Forms, Order of Recusal of Judge Lisi, Plaintiff's Motion to Remand, Plaintiff's Memorandum in Support of Motion to Remand, Notice of Change of Address of Attorney Carly Beauvais Iafrate, Plaintiff's Reply to Defendant's Objection to Plaintiff's Motion to Remand, Memorandum and Order of Judge Lincoln D.

[2] In paragraph 8 of her Complaint, Plaintiff incorrectly states that Steven Haase is a resident of the State of Rhode Island. As set forth in the Declaration of Steven Haase, Mr. Haase has resided in Sharon, Massachusetts since 1990.

Almond dated July 5, 2006, Plaintiff's Motion for Entry of Default Judgment, Plaintiff's Memorandum in Support of Motion for Entry of Default Judgment, Petition for Excusal of Attorney Carly Beauvais Iafrate, Entry of Appearance of Robert A. Mitson, Jr., Plaintiff's Entry of Default and Dismissal Stipulation are attached hereto as Exhibit D. The Plaintiff's Complaint, Summons, Service of Process Form, Order of Recusal of Judge Lisi, Motion to Remand, Plaintiff's Memorandum in Support of Motion to Remand, Notice of Change of Address of Attorney Carly Beauvais Iafrate, Plaintiff's Reply to Defendant's Objection to Plaintiff's Motion to Remand, Memorandum and Order of Judge Lincoln D. Almond dated July 5, 2006, Plaintiff's Motion for Entry of Default Judgment, Plaintiff's Memorandum in Support of Motion for Entry of Default Judgment, Petition for Excusal of Attorney Carly Beauvais Iafrate, Entry of Appearance of Robert A. Mitson, Jr., Plaintiff's Entry of Default and Dismissal Stipulation constitute all the process, pleadings and orders served upon Defendants in the matter.

Respectfully submitted,

LIFE CARE CENTERS, INC., d/b/a
CHERRY HILL MANOR, PAMELA
CHARRON, STEVE HAASE

Christopher J. Campbell R.I. Bar No. 6611
JACKSON LEWIS LLP
127 Dorrance Street
Providence, RI 02903
(401) 490-3444; (401) 454-8855 fax

Dated: September 22, 2006

**CERTIFICATE OF SERVICE**

This is to certify that on September 22, 2006, a copy of the foregoing document was served upon Plaintiff's attorney, Patricia E. Andrews, 170 Westminster Street, Suite 601, Providence, Rhode Island 02903, by first-class mail, postage prepaid.

Jackson Lewis LLP