STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

IRENE FERRUCCIO,
Plaintiff,

v.

CHERRY HILL MANOR, CHERRY HILL NURSING, LTD., LIFE CARE CENTERS OF AMERICA, INC. EDWARD J. MITSON, JR., in his official capacity, PAMELA CHARRON, in her personal and official capacity, and STEVE HAASE, in his personal and official capacity,
Defendants.

C.A. No: PC-06-1227

FILED HENRY S. KINCH JR., CLERK 2006 MAR -1 P 3:41

## COMPLAINT

1. This complaint arises from employment discrimination based on age.

## JURISDICTION

2. Plaintiff invokes the jurisdiction of this Court pursuant to G.L. 1956 § 28-5-1 et seq., and G.L. 1956 § 42-112-1 et seq.

## PARTIES

3. Plaintiff, Irene Ferruccio ("Plaintiff"), is a resident of the State of Rhode Island and a United States citizen.

4. Defendants, Cherry Hill Manor and/or Cherry Hill Nursing, Ltd. (hereinafter "Cherry Hill"), is a limited partnership doing business in the State of Rhode Island.

5. Defendant, Edward J. Mitson, Jr., is a resident of the State of Rhode Island and a United States citizen. He is a general partner of Cherry Hill.

6. Defendant, Life Care Centers of America, Inc., is a corporation doing business in the State of Rhode Island. It operates and/or manages Cherry Hill.

7. Pamela Charron is sued in her personal and official capacity as Director of Nurses. She is a resident of the Commonwealth of Massachusetts.

8. Steve Haase is sued in his personal and official capacity as Executive Director of Cherry Hill. He is a resident of the State of Rhode Island and is a United States citizen.

**ADMINISTRATIVE PROCEDURES**

9. On or about March 7, 2005, charges of discrimination, based upon age were timely filed with the Rhode Island Commission for Human Rights ("Commission").

10. On or about December 9, 2005, the Commission issued a "Notice of Right to Sue."

11. This complaint has been filed within ninety (90) days of the receipt of the "Notice of Right to Sue."

**STATEMENT OF FACTS**

12. Plaintiff was born on December 25, 1948.

13. Plaintiff was hired by Defendant Cherry Hill in approximately 2001. Plaintiff left Cherry Hill for another job but was rehired by Cherry Hill in about May, 2004. During the relevant time, plaintiff held the position of Unit Manager.

14. During the time that she was employed by Cherry Hill, Plaintiff was subjected to discriminatory terms and conditions of employment based upon her age. The discrimination consisted of, but is not limited to, that which is set forth below.

15. Without justification and unlike similarly-situated younger employees, defendant Charron ignored and belittled plaintiff.

16. Without justification and unlike similarly-situated younger employees, defendant Charron set plaintiff up to fail.

17. Without justification and unlike similarly-situated younger employees, defendant Charron made age-related comments to, or in the presence of, plaintiff.

18. Without justification and unlike similarly-situated younger employees, defendant Charron was rude to, and yelled at, Plaintiff.

19. Because of the hostile work environment to which plaintiff was subjected, she was forced to take a medical leave of absence in about the end of December, 2004.

20. The day that plaintiff returned from the medical leave referred to in Paragraph 19, defendants Charron and Haase fired plaintiff.

21. Upon information and belief, plaintiff was fired because of her age.

22. Plaintiff consistently performed her duties and responsibilities in at least a satisfactory manner during the entire time that she was employed by Defendants.

23. Upon information and belief, before plaintiff was terminated, defendants Charron and Haase fired another employee because of her age.

**COUNT I**
**Fair Employment Practices Act ("FEPA")**
**G.L. 1956 § 28-5-1 et seq.**
**(Age Discrimination)**

24. Plaintiff incorporates by reference Paragraphs 1 through 23 as if fully set forth herein.

25. By the aforesaid actions, Defendants intentionally violated the FEPA by discriminating against the Plaintiff based upon her age.

26. Plaintiff is damaged as a proximate result of this intentional conduct.

**COUNT II**
**Rhode Island Civil Rights Act ("RICRA")**
**G.L. 1956 § 42-112-1 et seq.**
**(Age Discrimination)**

27. Plaintiff incorporates by reference Paragraphs 1 through 26 as if fully set forth herein.

28. By the aforesaid actions, Defendant intentionally violated the RICRA by discriminating against Plaintiff because of her age.

29. Plaintiff is damaged as a proximate result of this intentional conduct.

**PRAYER FOR RELIEF**

Plaintiff prays that this Court:

(1) declare that the employment practices complained of in this Complaint are unlawful;
(2) order the Defendants to make the Plaintiff whole;
(3) order the Defendants to pay Plaintiff compensatory damages;

(4) order the Defendants to pay Plaintiff punitive damages;
(5) retain jurisdiction of this action to ensure full compliance;
(6) order the Defendants to pay Plaintiff costs and expenses and reasonable attorneys' fees;
(7) grant such other relief to Plaintiff as the court deems just and proper.

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury.

Plaintiff,
By her attorney,

Patricia E. Andrews, #4321
170 Westminster St., Suite 601
Providence, RI 02903
(401) 421-0966