**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **IRENE FERRUCCIO,** **Plaintiff,** | ) | |
| **v.** | ) | **C.A. No. 06-422S** |
| **CHERRY HILL MANOR, et al.,** **Defendants.** | ) | |

**PRE-TRIAL CONFERENCE STATEMENT**

**I.** ***Brief Background***

Registered Nurse Irene Ferruccio ("Ferruccio" or "Plaintiff"), began working at Cherry Hill Manor, a nursing home, in 2001. After leaving Cherry Hill for another position in 2003, she was rehired in May 2004. Shortly after Ferruccio was re-hired, she got a new supervisor when Defendant Pam Charron ("Charron") became the Director of Nursing ("DON"). Thereafter, among other things, Charron made several age-related comments to Ferruccio, unjustifiably criticized her work, and took away some of her duties and responsibilities. Ferruccio was forced to take a medical leave because of the work-related stress in December 2004. On the day she returned, February 9, 2005, she was fired.

Because the stated reason for her termination was a pretext for age discrimination, Plaintiff filed charges with the Human Rights Commission in March 2005. After receiving the right-to-sue, Plaintiff filed her complaint in Rhode Island Superior Court. This action was initially removed to this Court, but ultimately remanded for lack of jurisdiction in July 2006. A companion case, Antonucci v. Cherry Hill, C.A. No. 06-108ML, was pending at the same time before this Court. Following the Court's

decision regarding jurisdiction in Antonucci, the parties agreed that both cases were properly in this Court. Accordingly, the case was removed for the second time in September 2006. The current defendants include Life Care Centers of America, Inc. ("Life Care,") former DON Charron and Cherry Hill's Executive Director Steven Haase ("Haase").

**II. *Plaintiff's Claims***

Ferruccio has stated age-discrimination claims under the Fair Employment Practices Act, G.L. 1956 §§ 28-5-1 et seq., and the Rhode Island Civil Rights Act, G.L. 1956 §§ 42-112-1 et seq., and each requires the same basic analysis.

**A. *Disparate Treatment.***

In order to prove disparate treatment based upon age, Plaintiff must bring forward evidence that she was (1) at least forty years old; (2) that she met the employer's legitimate job performance expectations; (3) that she experienced an adverse employment action; and (4) that there was a continuing need for the services performed by Plaintiff. Defendants are then required to demonstrate a legitimate, non-discriminatory reason for Plaintiff's termination. In return, Plaintiff must demonstrate that the reason given is a pretext. See, e.g., Velazquez-Fernandez v. NCE Foods, Inc., 2007 U.S. App. Lexis 1741 (1st Cir. 2007).

Plaintiff,
By her Attorneys,

/s/ Carly B. Iafrate

Patricia E. Andrews, #4321
Carly Beauvais Iafrate, #6343
129 Dyer Street
Providence, RI 02903
(401) 421-0966
(401) 421-0964 (fax)

Dated: April 9, 2007

**CERTIFICATION**

I hereby certify that this document has been filed electronically on this 9th day of April 2007 and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Christopher J. Campbell, Esq.

campbelc@jacksonlewis.com

/s/ Carly B. Iafrate, Esq.